J. A19004/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN THE MATTER OF: DANIEL MARONE  :     IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA

APPEAL OF:  DANIEL MARONE     :

                                       :          No. 3712 EDA 2015

Appeal from the Order Dated November 4, 2015,
in the Court of Common Pleas of Delaware County
Civil Division at No. 15-8638

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED OCTOBER 12, 2016**

Daniel Marone appeals from the November 4, 2015 order entered in the Court of Common Pleas of Delaware County denying his petition to appeal his commitment or, in the alternative, to appeal ***nunc pro tunc*** from Section 7303 commitment of the Mental Health Procedures Act, 50 P.S. §§ 7101-7503 ("MHPA"). We quash.

The record reflects that on April 30, 2006, appellant sent his friend a text message that indicated that appellant planned to commit suicide. Thereafter, this friend found appellant at his residence with a loaded gun in his lap. Police were summoned, and appellant was taken to a hospital. The friend who witnessed appellant's behavior applied for an involuntary emergency treatment examination pursuant to the MHPA. Appellant was then involuntarily committed under MHPA Section 7302, which allows for an involuntary emergency examination and treatment for a period not to

---

* Former Justice specially assigned to the Superior Court.

exceed 120 hours (five days). Following an examination, Dr. Neil Cohn recommended that appellant be involuntarily committed for ten days.

The record further reflects that on May 2, 2006, Mental Health Review Officer Eugene Bonner conducted a Section 7303 involuntary commitment hearing, at which appellant was represented by Richard Lutz, Esq. Dr. Theodore Barry testified at the hearing. Dr. Barry diagnosed appellant as "bi polar." The record further reveals that appellant waived his presence at the hearing and agreed to undergo treatment. Following the hearing, Mental Health Review Officer Bonner found that appellant was severely mentally disabled and in need of treatment and committed him to an inpatient facility pursuant to MHPA Section 7303 for a period not to exceed ten days.

On October 2, 2015, more than nine years after his Section 7303 commitment and release, appellant filed his petition to appeal his commitment or, in the alternative, to appeal *nunc pro tunc* from Section 7303 commitment of the MHPA in the Court of Common Pleas of Delaware County. On November 4, 2015, the trial court entered an order denying the petition as untimely. This timely appeal followed.

Appellant raises the following issue for our review:

> DID THE LEARNED TRIAL JUDGE ERR IN DISMISSING [APPELLANT'S] PETITION TO APPEAL COMMITMENT OR IN THE ALTERNATIVE TO APPEAL NUNC PRO TUNC FROM SECTION [7]303 OF THE MENTAL HEALTH PROCEDURES ACT WITHOUT A HEARING THEREON?

Appellant's brief at 3.

A person who is involuntarily committed under Section 7303 following a hearing by a mental health review officer has the right to petition the court of common pleas for review of the certification. 50 P.S. § 7303(g). Section 7303(g), however, fails to address the time limitations for direct appeal to the court of common pleas. Judicial Code Section 5571 sets forth time limitations for taking appeals and applies generally to all proceedings before a tribunal or governmental unit. 42 Pa.C.S.A. § 5571. Indeed, our supreme court has observed that Section 5571(b) prescribes the period within which an appeal must be taken for all appeals permitted by statute. ***Appeal of Chartiers Valley Sch. Dist. from Assessment of Prop. of Dev. Dimensions Intern., Inc.***, 462 A.2d 673, 674 (Pa. 1983). Because MHPA Section 7303(g) is a statute that permits an appeal, 42 Pa.C.S.A. § 5571(b) sets forth the limitations period within which such an appeal must be filed. Section 5571(b) requires that "an appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." ***Id.***

Here, the hearing officer certified appellant's Section 7303 involuntary commitment on May 2, 2006. Therefore, appellant was required to commence his appeal on or before June 1, 2006. Because appellant filed his appeal on October 2, 2015, more than nine years after the hearing officer

certified his Section 7303 involuntary commitment, appellant's appeal is time barred.

Appellant alternatively claims, however, that he should be accorded the right to appeal *nunc pro tunc* because counsel never advised of his right to appeal. Our standard of review in this context is deferential and the "denial of an appeal *nunc pro tunc* is within the discretion of the trial court, and we will only reverse for an abuse of that discretion." ***Vietri ex rel. Vietri v. Delaware Valley High Sch.***, 63 A.3d 1281, 1284 (Pa.Super. 2013). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, or ill will." ***Id.*** (citation omitted). An allowance of appeal *nunc pro tunc* is permitted when there was fraud or a breakdown of court operations. ***Id.*** (citation omitted). Moreover, a court may also grant *nunc pro tunc* relief where the appellant demonstrates that "(1) his notice of appeal was filed late as a result of nonnegligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) he filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." ***Id.*** (brackets and citation omitted).

Here, appellant does not allege that there was a fraud or a breakdown of court operations. Appellant merely claims that counsel failed to inform him of his right to appeal his Section 7303 commitment. Even assuming

that counsel failed to do so, appellant offers no explanation as to why it took him in excess of nine years to learn of his appellate rights. Stated differently, appellant has failed to show that his failure to file his petition shortly after the expiration of the limitations period was the result of something other than his own negligence. Accordingly, the trial court properly denied appellant's petition as untimely, and we are, therefore, constrained to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016